IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|   |   |   |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | * | |
| Plaintiff, | * | Case No.: GJH-21-580 |
| v. | * | |
| UP AT NIGHT LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Joe Hand Promotions, Inc., ("Joe Hand") brings this civil action against Defendants Up at Night LLC d/b/a Martini's Restaurant & Lounge, Kenneth Mundy, and Jedaka Hayes-Mundy, alleging violations of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605. Pending before the Court is Plaintiff's Notice of Motion and Motion for Default Judgment. ECF No. 15. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion is granted in part and denied in part, and judgment is awarded in the amount of $15,317 as against Defendant Up at Night LLC d/b/a Martini's.

**I.      BACKGROUND**

Plaintiff Joe Hand licenses and distributes televised sporting events to bars, restaurants, and other commercial establishments throughout the United States. ECF No. 1 ¶¶ 8–9. Defendant Up at Night LLC is a business entity that maintains and controls the establishment known as Martini's Restaurant & Lounge (the "Establishment" or "Up at Night LLC d/b/a Martini's"), located in Fort Washington, Maryland. *Id.* ¶ 2. Defendants Kenneth Mundy and Jedaka Hayes-Mundy are each alleged, upon information and belief, to be "an officer, director, shareholder,

member, and/or principal of the entity owning and operating the Establishment"; who "had a right and ability to supervise the activities of the Establishment"; and "had an obvious and direct financial interest in the activities of the Establishment." *Id.* ¶¶ 3–4.

Plaintiff had exclusive commercial distribution rights to the *Errol Spence Jr. vs. Mikey Garcia* broadcast (the "Event") on March 16, 2019, permitting Plaintiff to distribute the Event to commercial establishments in exchange for a fee. *Id.* ¶¶ 1, 10; *see* ECF No. 15-10. On March 16, 2019, Defendants purportedly televised the Event without contacting Plaintiff or paying the sublicense fee. *Id.* ¶ 11.

On March 6, 2021, Plaintiff submitted its Complaint against Defendants. ECF No. 1. Defendant Up at Night LLC d/b/a Martini's was properly served on March 10, 2021, and Defendants Mundy and Hayes-Mundy were properly served on March 16, 2021. ECF No. 4; ECF No. 6; ECF No. 8. On November 10, 2021, Plaintiff filed a Motion for Clerk's Entry of Default, ECF No. 10, which the Clerk entered on April 4, 2022, ECF No. 11. On May 11, 2022, Plaintiff filed a Motion for Default Judgment. ECF No. 15. Plaintiff now requests statutory damages of $3,200; enhanced damages of $16,000; and attorney's fees and costs of $2,117. ECF No. 15-1 at 16.[1]

## II.   STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012).

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422. Rule 54(c) limits the type of judgment that may be entered based on a party's default, as "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In entering default judgment, a court cannot, therefore, award additional damages "because the defendant could not reasonably have expected that his damages would exceed th[e] amount [pled in the complaint]." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). While the Court may hold a hearing to prove damages, it is not required to do so; it may instead rely on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F. Supp. 2d at 17 (citation omitted).

### III. DISCUSSION

In its Complaint, Plaintiff seeks to enforce 47 U.S.C. § 605, or, in the alternative, 47 U.S.C. § 553—provisions that "address different modalities of so-called cable theft." *J & J Sports Prods., Inc. v. MayrealII, LLC*, 849 F. Supp. 2d 586, 588 n.3 (D. Md. 2012). Recognizing that a plaintiff may not recover under both Sections 605 and 553, *see J & J Sports Prods., Inc. v. Royster*, No. RWT-11-1597, 2014 WL 992779, at *2 (D. Md. Mar. 13, 2014), the Court need not

3

reach Joe Hand's alternative claim that Defendants violated section 553. Thus, the Court considers only whether Joe Hand should be awarded default judgment on his section 605 claim.

   A. **Liability**

Section 605 of the Communications Act provides, in relevant part, that:

> [n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Protected radio communications include "digital satellite television transmissions," such as the Event licensed here by Plaintiff. *MayrealII*, 849 F. Supp. 2d at 588. To establish liability, Plaintiff must show that "it had the exclusive commercial distribution rights" to the Event, and that Defendants exhibited the Event "without authorization." *J&J Sports Prods., Inc. v. Beer 4 U, Inc.*, No. CV TDC-18-2602, 2019 WL 5864499, at *3 (D. Md. Nov. 8, 2019).

Here, Plaintiff does not describe the manner in which Defendants intercepted the Program; however, a complaint "need not specify the precise method of interception." *Joe Hand Promotions, Inc. v. Md. Food & Entm't, LLC*, No. CCB-11-3272, 2012 WL 5879127, at *4 (D. Md. Nov. 19, 2012). Plaintiff's well-pleaded allegations establish that Defendant violated section 605 by alleging that the Event was "intercepted and displayed" at the Establishment, "without authorization from [Plaintiff], on a particular date and at a particular time." *Id.* Thus, liability against Defendant Up at Night LLC d/b/a Martini's is sufficiently alleged.

4

Plaintiff, however, also seeks to establish individual liability against Defendants Mundy and Hayes-Mundy. To establish individual (vicarious) liability for broadcast piracy, a plaintiff must show that "the individual had both a right and ability to supervise that coalesced with an obvious and direct financial interest in the exploitation of copyrighted materials." *Beer 4 U, Inc.*, 2019 WL 5864499, at *4 (citation and internal marks omitted). In other words, a plaintiff must demonstrate that defendants have: "(1) a right and ability to supervise the violative activity, although defendants need not actually be supervising because they need not know of the violative activity, and (2) a direct financial interest in the violation, *i.e.*, financial benefits, even if not proportional or precisely calculable, that directly flow from the violative activity." *Id.* (citation and internal marks omitted).

Here, while Plaintiff alleges in its Complaint that Mundy and Hayes-Mundy were each "an officer, director, shareholder, member and/or principal" of the Establishment, with "a right and ability to supervise" activities at the Establishment, and that each had "an obvious and direct financial interest" in the activities of the Establishment, the Court does not find these allegations, without more, to be sufficient to support a claim for individual liability. ECF No. 1 ¶¶ 3–4; *compare Zuffa, LLC v. Ferrell*, No. 8:20-CV-0273-PX, 2021 WL 2315458, at *3 (D. Md. June 7, 2021) (finding no individual liability where defendant was an "officer, director, shareholder, principal, manager, and/or member," but did not supervise the night of the broadcast, nor clearly received financial benefit from the event) *with Joe Hand Promotions, Inc. v. Hill*, No. 8:21-CV-00557-PX, 2022 WL 5245728, at *3 (D. Md. Oct. 6, 2022) (finding individual liability where defendant maintained an "ownership interest" in the establishment, was on the premises on the night of the broadcast, and oversaw operations that evening). Here, there is no allegation that the individual Defendants were supervising the night of the broadest or received a financial benefit

from the broadcast. This is so even if the Court accepts as true the allegation that the Event was publicized on "Martini's/Kenneth Mundy's joint Instagram page and on Facebook." ECF No. 15-1 at 4; *see Zuffa*, 2021 WL 2315458, at *4 (holding same even when individual defendant "advertised the Fight on [the establishment's] Facebook page"). Thus, the Court will deny Plaintiff's claims against Defendants Mundy and Hayes-Mundy.

### B. Damages

The Court next considers damages as requested by Plaintiff. The Communications Act allows a court to impose "a sum of not less than $1,000 or more than $10,000, as the court considers just," for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). The "statutory damages should approximate the amount the Plaintiff is out-of-pocket due to the violation." *Joe Hand Promotions, Inc. v. Luz*, LLC, No. DKC-18-3501, 2020 WL 374463, at *2 (D. Md. Jan. 23, 2020) (quotation marks omitted).

Here, Plaintiff seeks $3,200 in statutory damages. The requested amount includes payment of a $2,200 sublicensing fee, which is based on the maximum occupancy of an establishment.[2] ECF No. 15-1 at 10; *see* ECF No. 15-4 at 1. Plaintiffs request that statutory damages also include $1,000 obtained in cover charges ($25 per person, across an estimated 40 patrons who attended the Event). *See* 15-1 at 7; 15-9 at 1. However, the Court finds that $2,200—equal to the lost sublicensing fee—most closely approximates Plaintiff's losses as a result of the illegal broadcast. *See, Zuffa*, 2021 WL 2315458, at *4 (finding that "[i]n this district, courts often look to the licensing fee charged for lawful broadcast of the program as a proper benchmark") (collecting cases); *see also Joe Hand Promotions, Inc. v. Aguilar*, No. TDC-19-0458, 2019 WL 4071776, at *3 (D. Md. Aug. 29, 2019), *report and recommendation adopted*,

---

[2] The maximum occupancy of Martini's Restaurant & Lounge is estimated to be 150 people. ECF No. 15-9 at 1.

No. CV TDC-19-0458, 2019 WL 5588857 (D. Md. Sept. 20, 2019) (holding same). The Court will thus award Plaintiff $2,200 in statutory damages and consider the profits Defendant obtained through the cover charge separately.

The Communications Act also allows for enhanced damages. Under § 605(e), if "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages ... by an amount of not more than $100,000." 47 U.S.C. § 605(e)(3)(C)(ii). Courts look to several factors in determining whether enhanced damages are warranted, such as: (1) evidence of willfulness; (2) repeated violations over an extended period of time; (3) substantial unlawful monetary gains; (4) advertising the broadcast; and (5) charging an admission fee or charging premiums for food and drinks. *See J & J Sports Prods., Inc. v. Castro Corp.*, No. 11-CV-00188-AW, 2011 WL 5244440, at *4 (D. Md. Nov. 1, 2011) (quoting *J & J Sports Prods., Inc. v. Quattrocche*, No. WMN-09-CV-3420, 2010 WL 2302353, at *2 (D. Md. June 7, 2010)). Further, "[c]ourts in this District have regularly looked to the statutory damages award as a baseline for determining enhanced damages, multiplying that baseline sum by some number based on the egregiousness of a defendant's conduct." *Joe Hand Promotions, Inc. v. Phillips*, No. 1:20-CV-02261-SAG, 2021 WL 2861517, at *3 (D. Md. July 8, 2021) (collecting cases); *see also J & J Sports Prods. Inc. v. Henriquez Batres, Inc.*, No. CV GJH-16-2385, 2017 WL 2937936, at *4 (D. Md. July 10, 2017) (collecting cases).

In *Hill*, the court found that the defendant was liable for enhanced damages at five times the amount of statutory damages awarded, where the defendant willfully, and for purposes of commercial advantage, broadcast the plaintiff's event without purchasing the rights to do so. *Hill*, 2022 WL 5245728, at *3. There, the plaintiff did not demonstrate repeated violations of the

Communications Act, but plaintiff did show that the defendant required patrons to pay a $10 cover charge or buy a cigar to enter. *Id.* The defendants also failed to appear or participate in their defense in the matter. *Id.*

Likewise, here, Plaintiff seeks enhanced damages of $16,000—five times the $3,200 requested in statutory damages. ECF No. 15-1 at 11. It is clear that Defendant Up at Night LLC d/b/a Martini's "willfully intercepted an encrypted satellite broadcast without the permission" of Plaintiff. *Hill*, 2022 WL 5245728, at *3 (citing *Castro Corp.*, 2011 WL 524440, at *4). Plaintiff alleges that Defendant advertised the Event on Instagram and Facebook. ECF No. 15-1 at 4. During this same period, Defendant also allegedly advertised another unauthorized broadcast of an event for which Plaintiff held an exclusive license, *id.* at 10, although Plaintiff has not asserted that Defendant is guilty of repeated violations of the law over an extended time period. As discussed above, Defendant charged patrons a $25 admission fee to the Event. Finally, Defendant chose not to participate in this litigation entirely. Taken together, the Court finds that enhanced damages equaling five times the statutory damages awarded, or $2,200, is appropriate—here, that total comes to $11,000.

Finally, as the prevailing party, Plaintiff is entitled to an award of costs and reasonable attorneys' fees in this action. 47 U.S.C. § 605(e)(3)(B)(iii). "The party seeking fees bears the burden of proving the reasonableness of the amount sought." *J & J Sports Prods., Inc. v. Mumford*, No. CIV.A. DKC 10-2967, 2013 WL 210623, at *2 (D. Md. Jan. 17, 2013) (citing *Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 243–44 (4th Cir. 2009)). Plaintiff has submitted an affidavit which reflects total attorneys' fees and costs associated with this case of $2,117. *See* ECF No. 15-1 at 16; ECF No. 15-11 at 2. The Court finds that this amount is

reasonable because the hours expended are modest and the hourly rate is within the acceptable range. Accordingly, Plaintiff will be awarded attorneys' fees and costs of $2,117.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion is granted in part and denied in part, and a judgment in the amount of $15,317 is awarded as against Defendant Up at Night LLC d/b/a Martini's. That award shall accrue post-judgment interest as provided for and calculated in accordance with 28 U.S.C. § 1961. A separate Order follows.


Date: <u>January 23, 2023</u>                                                 ___/s/_____
                                                                                                               GEORGE J. HAZEL
                                                                                                               United States District Judge